Animal Legal Defense Fund
Alene Anello (State Bar No. 316387)
ANIMAL LEGAL DEFENSE FUND
525 East Cotati Avenue
Cotati, CA 94931
(707) 795-2533
aanello@aldf.org

GUPTA WESSLER PLLC
Deepak Gupta (*pro hac vice*)
Neil K. Sawhney
1900 L Street, NW, Suite 312
Washington, DC 20036
(202) 888-1741
deepak@guptawessler.com,
neil@guptawessler.com

*Attorneys for Plaintiff Miyoko's Kitchen*

Xavier Becerra, Attorney General of California
Myung J. Park, Supervising Deputy Attorney General
Linda L. Gandara, State Bar No. 194667
Michael S. Dorsi, State Bar No. 281865
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone: (415) 510-3802
Fax: (415) 703-5480
Michael.Dorsi@doj.ca.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Miyoko's Kitchen,<br>     Plaintiff,<br> v.<br>Karen Ross, in her official capacity as Secretary of the California Department of Food and Agriculture, and Stephen Beam, in his official capacity as Branch Chief of the Milk and Dairy Food Safety Branch,<br>     Defendants. | Case No. 3:20-cv-00893-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**CONTINUANCE REQUESTED**<br><br>Rule 26(f) Scheduling Conference<br>Date:  July 23, 2020<br>Time: 11:00 a.m.<br>Judge: Hon. Richard Seeborg |

As required by Federal Rule of Civil Procedure 26 and the Court's case-management order, the parties held a Rule 26(f) conference on April 14, 2020, and submit this joint case-management statement under Rule 26(f).

Further, the parties request that the Court continue the case management conference until or after the Court's hearing on Plaintiff's pending motion for preliminary injunction.

### Request for Continuance

Plaintiff Miyoko's Kitchen's Motion for Preliminary Injunction (ECF No. 25) is set for hearing on August 13, 2020. Because that Motion and the Court's reasoning deciding that Motion may influence the parties' views about how best to manage the case, the parties request that the Court continue the case management conference until either (a) the same date and time as the hearing on the preliminary injunction, or (b) a date after the court expects to issue its order on the motion for a preliminary injunction.

### 1. Jurisdiction and Service

This Court has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1343(a). Defendants contested jurisdiction under Article III on a Motion to Dismiss, which the Court denied.

### 2. Facts

Miyoko's Kitchen makes and sells 100% plant-based vegan products marketed as "vegan cheese" and "vegan butter." Miyoko's uses natural processes such as fermentation and aging, combined with 100% plant-based ingredients.

On December 9, 2019, the California Department of Food and Agriculture sent Miyoko's a letter claiming that the company's vegan butter product "cannot bear the name 'Butter' because the product is not butter," and instructed Miyoko's to resubmit its label to the Department after making changes, including removing "the word 'Butter' from the label" and removing "[i]mages of animal agriculture from the website . . . such as the image . . . of the woman hugging a cow." An accurate copy of the letter is attached to the Complaint (ECF No. 1) as Exhibit 1.

Miyoko's alleges that complying with the State of California's censorship and multiple directives would (1) cost the company more than $1 million to change labels and marketing representations, and (2) prevent the company from truthfully telling its consumers about the nature and contents of its products—what the products taste like, what they're made from, what they do and don't contain, and how to use them.

### 3. Legal Issues

**Plaintiff's Contentions:**

Miyoko's contends that the State of California's enforcement and regulatory position violates the Free Speech Clause of the First Amendment on an as-applied basis. It does so prohibiting Miyoko's from truthfully labeling, marketing, and advertising plant-based dairy products in a manner that effectively and accurately describes them as replacements for conventional dairy products. The State's position further restricts Miyoko's ability to convey its core mission to the public through language and images, and it imposes this restriction without any evidence-based justification.

Key legal issues include (1) whether the State of California's enforcement and regulatory position and its application or proposed application of state and federal statutes and regulations, as reflected in the December 2019 letter, unreasonably restricts Miyoko's right to free speech by prohibiting the company from making truthful statements about the identity, quality, and characteristics of vegan and plant-based products, including referring to plant-based products using dairy and dairy analogue terms; (2) whether there is a substantial state interest in the speech restrictions imposed by the State; (3) whether the restrictions and requirements imposed by the State go beyond what would be necessary to protect any purported state interest in preventing consumer deception or confusion; and (4) whether there are remedies, other than content-based or viewpoint-based rules, that would be adequate to directly achieve any purported government interest. There are no unusual substantive, procedural, or evidentiary issues in this case.

**Defendants' Contentions:**

The Department applies uniform rules requiring food producers to clearly identify their products. These rules apply standards of identity—definitions from federal and state statutes and regulations that require specific contents in foods. Products that meet those standards must be called by that name, and products that do not meet the standard must not be called by that name. The Department contends that its consistent application of these standards to Miyoko's does not violate Miyoko's First Amendment rights.

The key issues the Department expects to address are (1) whether Miyoko's expression is protected by the First Amendment, (2) the government's substantial interest is regulation of food

labels, (3) whether the regulation advances the governmental interest, and/or (4) whether the regulation is more extensive than necessary to serve the governmental interest.

### 4. Motions

The parties do not anticipate filing any motions to add parties or claims, or to transfer venue. The defendants filed a motion to dismiss, which the Court denied on June 25, 2020. Miyoko's filed a motion for preliminary injunction, which is set for hearing on August 13, 2020. The parties may file motions for summary judgment.

### 5. Amendment of Pleadings

The parties do not anticipate amending the pleadings to add or dismiss parties, claims, or defenses.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that the parties have met and conferred as required by Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

The parties will make full and timely initial disclosures pursuant to Rule 26.

### 8. Discovery

On April 14, 2020, the parties met and conferred as required by Rule 26(f). The parties propose no changes to the timing, form, or requirements for disclosure under Rule 26(a).

The parties do not believe that discovery should be restricted by ex-ante court orders requiring the parties to conduct discovery in phases or limited to particular issues. Miyoko's believes that discovery should commence on merits no later than the Court's ruling on the defendants' motion to dismiss.

Miyoko's plans to conduct discovery regarding the defendants' position as taken in their December 2019 letter; the defendants' position and actions with respect to similar businesses; the effect of the defendants' position and actions on similar businesses; the motivation for the December 2019

letter; what evidence, if any, the defendants have of consumer confusion surrounding plant-based dairy products; and any other evidence on which the defendants' purport to rely as justification for their enforcement position.

The defendants are considering conducting discovery regarding self-censorship by Miyoko's, costs the company to change labels and marketing representations, previous changes to Miyoko's labels and marketing representations, Miyoko's discussions about this lawsuit with news media, and potential consumer confusion.

To the extent that discoverable information is electronically stored, the parties shall produce such information in its native format or, if that is impossible, in an accessible format such as Microsoft Excel or Adobe Acrobat format (OCR readable). In any event, the parties agree to produce information in a manner such that it may be easily reviewed and identified by the receiving party and the Court.

The parties do not anticipate any particular, non-standard issues with respect to claims of privilege that may be asserted in this action.

The parties do not anticipate any particular, non-standard issues that may require modifying or limiting the federal or local discovery rules, except to note that, for purposes of discovery, Defendants—officials sued in their official capacities—shall be treated as a single defendant: the California Department of Food and Agriculture. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." (citation omitted)), *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382 n.5 (9th Cir. 1988).

The parties do not propose that the Court issue any additional orders regarding protective orders under Rule 26(c), scheduling order under Rule 16(b), or requirements for the pretrial conference under Rule 16(c) other than those already addressed.

### 9. Class Actions

This case is not a proposed class action.

### 10. Related Cases

To the parties' knowledge, there are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

### 11. Relief

**Plaintiff's Statement:**

Miyoko's foremost seeks relief to ensure that it can continue engaging in its protected speech without risk of prosecution or other government interference. Specifically, Miyoko's seeks a preliminary and/or permanent injunction to prevent the State of California and its officers or agents, including the Secretary of the Department of Food and Agriculture and the Branch Chief of the Milk and Daily Food Safety Branch, from enforcing state or federal law against Miyoko's in the manner set forth in the State's December 9, 2019 letter. Miyoko's further seeks a declaration that the application of the state and federal laws set forth in the State's December 9, 2019 letter to Miyoko's violates the First Amendment to the United States Constitution on a solely as-applied basis. Miyoko's also seeks to recover attorneys' fees, and costs.

**Defendants' Statement:**

Defendants seek a judgment of dismissal.

### 12. Settlement and ADR

The parties have exchanged correspondence in an attempt to resolve their dispute but have not reached an agreement to date. The parties are not presently discussing settlement but may do so later in the case.

### 13. Magistrate Judge

This case was assigned directly to a District Judge. The parties have not consented to the appointment of a Magistrate Judge for Trial.

### 14. Other References

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties have identified no issues that can be narrowed by agreement or by motion, and do not wish to bifurcate issues, claims, or defenses at this time.

### 16. Expedited Trial Procedure

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. The parties have conferred concerning alternative procedures to minimize the need for in-person hearings during the COVID-19 pandemic and the impact of General Order No. 72 on this case.

### 17. Scheduling

The parties request a trial date not sooner than March 10, 2021.

The parties propose the following schedule, to be calculated based on the trial date:

| | |
|---|---|
| Last Day to Disclose Expert Reports: | 160 Days Before Trial |
| Last Day to Disclose Rebuttal Expert Reports: | 140 Days Before Trial |
| Last Day to File Dispositive Motions: | 130 Days Before Trial |
| Close of Fact Discovery: | 100 Days Before Trial |
| Last Day to File Fact Discovery Motions: | 90 Days Before Trial |
| Close of Expert Discovery: | 85 Days Before Trial |
| Last Day to File Expert Discovery Motions: | 75 Days Before Trial* |
| Last Day to Hear Dispositive Motions: | 70 Days Before Trial |
| Last Day to File and Lodge Pretrial Filings: | 50 Days Before Trial* |
| Last Day to Respond to Pretrial Filings: | 35 Days Before Trial |
| Pretrial Conference: | 20 Days Before Trial |

Add 5 days to any period of days that includes Thanksgiving, Christmas Day, or New Year's Day. Add 10 days if one period of days includes both Christmas Day and New Year's Day.

*Pretrial filings include a joint pretrial statement, trial briefs, motions in limine, identification of deposition excerpts or video for witnesses who will not be questioned at trial, witness lists, exhibit lists, proposed findings of fact and conclusions of law. Although sometimes treated as motions in limine, motions to exclude expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,

509 U.S. 579 (1993), are due with Expert Discovery Motions, not Pretrial Filings. *Daubert* motions may be heard at the Pretrial Conference but no later.

Discovery-related motions, including *Daubert* motions, shall be scheduled in accord with N.D. Cal. Local Rule 7. Motions for Summary Judgment or Preliminary Injunction shall follow lengthened briefing schedules, with 4 weeks to file opposition papers, two weeks to file reply papers, and two or more weeks between the filing of reply papers the hearing. These schedules may be modified by stipulation.

### 18.   Trial

The trial of this matter will be by the judge. The parties estimate the trial will be approximately three days.

### 19.   Disclosure of Non-party Interested Entities or Persons

Miyoko's has no disclosure to make under Civil Local Rule 3-15(b)(1), and certifies that no interest is known other than that of Miyoko's.

Defendants are sued in their official capacities within the California Department of Food and Agriculture. Civil Local Rule 3-15 "does not apply to any governmental entity or its agencies."

### 20.   Professional Conduct

The parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21.   Other Matters

The parties do not at this time raise any other issues affecting the status or management of the case.

Dated:  July 16, 2020

Respectfully submitted by:

| Animal Legal Defense Fund | Xavier Becerra, Attorney General of California<br>Myung J. Park, Supervising Deputy Attorney General |
|---|---|
| */s/ Alene Anello*<br>Alene Anello (State Bar No. 316387) | */s/ Michael S. Dorsi*<br>Linda L. Gandara, State Bar No. 194667<br>Michael S. Dorsi, State Bar No. 281865 |

| | | |
|---|---|---|
| 1 | ANIMAL LEGAL DEFENSE FUND<br>525 East Cotati Avenue | Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000 |
| 2 | Cotati, CA 94931<br>(707) 795-2533 | San Francisco, CA 94102-7004<br>Telephone: (415) 510-3802 |
| 3 | aanello@aldf.org | Fax: (415) 703-5480<br>*Michael.Dorsi@doj.ca.gov* |
| 4 | **GUPTA WESSLER PLLC**<br>Deepak Gupta (*pro hac vice*) | *Attorneys for Defendants* |
| 5 | Neil K. Sawhney<br>1900 L Street, NW, Suite 312 | |
| 6 | Washington, DC 20036<br>(202) 888-1741 | |
| 7 | *deepak@guptawessler.com,*<br>*neil@guptawessler.com* | |
| 8 | *Counsel for Plaintiff* | |